# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIDTFELDT,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF ATKINSON, KEN COUNTS, City Council; STUART DOCKTER, City Council; RON KRYSL, City Council; GARY A. LECH, City Council; JERRY OSBORNE, City Council; LEO SEGER, City Council; PAUL CORKLE, Mayor; THOMAS HERZOG, FORREST PEETZ, ALAN BRODBECK, NEBRASKA BUREAU OF VITAL STATISTICS, WAYNE BRAUN, TIM BRAUN, TIMOTHY LARBY, JANET KROTTER CHVALA, ANDREW HOFFMAN, JEFFREY GAYLEN, STEVEN A. BREWSTER, ASHLEY D. BOETTCHER, LEO SEGER, MIKE FREDERICK, PAUL CORKLE, NEBRASKA DEPARTMENT OF INSURANCE, NEBRASKA DEPARTMENT GOVERNING FUNERAL HOMES, SHANNON CORKLE OLBERDING, SHANNON CORKLE, and UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | 8:18CV150<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Dismiss, ECF No. 12, filed by Defendant United States of America; the Motion to Dismiss, ECF No. 15, filed by Defendants Mike Fredrick[1] d/b/a State Farm Insurance, Shannon Corkle Olberding, and Shannon Corkle d/b/a Corkledings; the Motion to Dismiss, ECF No. 17, filed by Defendants City of Atkinson, Ken Counts, Stuart Dockter, Ron Krysl, Gary A. Lech,

---

[1] The Complaint names this defendant as "Mike Frederick." See ECF No. 1.

Jerry Osborne, Leo Seger, Paul Corkle, Thomas Herzog, Alan Brodbeck, Wayne Braun, Tim Braun, Timothy Larby, Janet Krotter Chvala, Andrew Hoffman, Jeffrey Galyen, Steven A. Brewster, Leo Seger d/b/a Seger Funeral Home, and Paul Corkle, d/b/a Crop Insurance Sales; the "Objection to Judge [Smith] Camp,"[2] ECF No. 19, filed by Plaintiff James Widtfeldt; and the Motion to Strike, ECF No. 20, filed by Defendant United States of America. For the reasons stated below, the motions to dismiss will be granted, the motions to recuse and to strike will be denied, and the Amended Complaint will be dismissed.

## BACKGROUND

Widtfeldt filed this action in the District Court for Holt County, Nebraska. His Amended Complaint alleged a far-reaching conspiracy against him, involving the United States Postal Service, the Internal Revenue Service, the Atkinson City Council, and the Seger Funeral Home of Atkinson, Nebraska, among others. Widtfleft alleged that various defendants withheld his mail, wrongfully cited him for housing code violations, interfered with his efforts to cure Lyme disease, and murdered his tenants. Widtfeldt named that United States Postal Service, and its employee, Jon Sindelar, as defendants "due to theft or diversion of a Widtfeldt certified mail from Judge Sullivan of the US District Court in the District of Columbia in January . . . ." Amend. Compl. ¶ 15, ECF No. 1-1, Page ID 14. Sindelar removed to this Court pursuant to 28 U.S.C. § 2679(d)(2),[3] on the basis of Widfelt's certified mail allegation.

---

[2] As discussed below, the Court construes ECF No. 19 as a motion to recuse.

[3] 28 U.S.C. § 2679(d)(2) provides:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall

2

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

---

be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. . . .

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

**I. Motion to Recuse, ECF No. 19, and Motion to Strike, ECF No. 20.**

Widtfeldt filed an "Objection to Judge Camp," ECF No. 19, in which he "object[ed] to appointment of Judge Camp in this matter for the reason of seeming indifferen[t] in a previously filed case . . . involving break ins by the City of Atkinson." The Court interprets the objection as a motion for recusal. Widtfeldt appears to argue that recusal is warranted because of prior rulings by the undersigned judge in other cases to which Widtfeldt was a party. Because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)), Widtfeldt's motion will be denied, and the United States' motion to strike, ECF No. 20, will be denied, as moot.

**II. Motions to Dismiss**

    **A. Motion to Dismiss, ECF No. 12**

4

Defendant United States seeks dismissal on the basis that it has not waived its sovereign immunity. In his Amended Complaint, Widtfeldt alleges:

> The US Post Office is being added as a defendant and Jon Sindelar of the O'Neill and Atkinson offices, due to theft or diversion of a Widtfeldt certified mail from Judge Sullivan of the US District Court in the District of Columbia in January, and probably many hundreds of certified mailings before that, probably being forwarded to Janet Krotter Chvala to impersonate Widtfeldt and file forgeries of Widtfeldt documents to discredit Widtfeldt.

Amend. Compl. ¶ 15, ECF No. 1-1, Page ID 13.

Because of this alleged conduct, Widtfeldt asks the Court to "Remove Jon Sindelar from the US Post Office and any others diverting Widtfeldt mail, and discover to whom the mail is going and recover all forgeries issued to discredit Widtfeldt." *Id.*, Page ID 14. Pursuant to 28 U.S.C. § 2679,[4] the Court regards this action, to extent it was brought against Jon Sindelar and the United States Postal Service, as one brought against the United States itself, and Sindelar and the U.S. Postal Service have been removed from the caption, accordingly. *See* ECF No. 1-2, Page ID 18–19 (certifying pursuant to 28 U.S.C. § 2679(d)(1) that Jon Sindelar was acting within the scope of his employment as an employee of the United States of America at the time of the alleged conduct).

Under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), 28 U.S.C. §§ 2671–80, the United States has waived sovereign immunity for certain claims seeking money damages. Specifically excepted from this waiver are "claim[s] arising

---

[4] 28 U.S.C. § 2679(d)(2) states that once an action under this provision is removed:

Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

5

out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The United States has not waived sovereign immunity in this case, and it will be dismissed as a Defendant, as will Sindelar and US Post Office.

**B. Motion to Dismiss, ECF No. 15**

Defendants Mike Fredrick ,Shannon Corkle Olberding, and Shannon Corkle d/b/a Corkledings have also moved to dismiss the Amended Complaint which alleges:

> Mike Frederick [sic] d/b/a State Farm Insurance of Atkinson should be shut down for insurance fraud, as his secretary Shannon Corkle Olberding regularly violates confidentiality of insurance for medical treatment to enable City Police break-ins to private property while Widtfeldt is temporarily away for medical treatment, with said Shannon Corkle Olberding acting wrongly for the benefit of City Police and Braun's grocery, concealing Braun delivery trucks regularly bouncing off or collapsing the walls of Widtfeldt building . . . .

Amend. Compl. ¶ 12, ECF No. 1-1, Page ID 10.

Construing Widtfeldt's Amended Complaint liberally, the Court finds no cognizable claim. A pro se plaintiff must plead sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton*, 820 F.3d at 964. Widtfelt's conclusory allegations of fraud and breach of confidentiality do not connect the Defendants to any alleged harm. For this reason, the Amended Complaint is insufficient and the motion to dismiss will be granted.

**C. Motion to Dismiss, ECF No. 17**

The Atkinson Defendants move for dismissal on several grounds. As an initial matter, because the Amended Complaint does not indicate the capacity in which these defendants are sued, the Court must assume all Atkinson Defendants who were in government service during the time of the relevant conduct are sued in their official capacities only. *See Gibbens v. Laymen*, No. 4:07CV3246, 2008 WL 160951, at *4 (D.

Neb. Jan. 15, 2008) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)) ("When not specified, the law presumes that a defendant is sued only in an official capacity.").

Identifying the wrongful conduct and specific injuries alleged against the Atkinson Defendants is difficult. To the extent the Amended Complaint alleges tortious conduct[5] resulting in damage to Widtfeldt's property, Widtfeldt has failed to comply with the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. §§ 13-901 to 13-928. The PSTCA requires that a plaintiff file a claim with the "governing body of the political subdivision" against which the claim is made prior to the filing of a civil suit. *See* Neb. Rev. Stat. § 13-906 ("No suit shall be permitted under the [PSTCA] . . . unless the governing body of the political subdivision has made final disposition of the claim, except that if the governing body does not make final disposition of a claim within six months after it is filed . . . ."). The Amended Complaint is devoid of any indication as to whether these requirements have been met.

Similarly, to the extent the Amended Complaint seeks money damages for claims not based on tortious conduct, Widtfeldt has failed to comply with Neb. Rev. Stat. § 17-714. Under § 17-714,[6] "[a]s a condition precedent to maintaining an action for a claim, other than a tort claim as defined in section 13-903, the claimant shall file such claim

---

[5] Neb. Rev. Stat. § 13-903 defines a tort claim against a political subdivision as any claim against the subdivision:

> For money only on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage . . . .

[6] Section 17-714 applies to "[a]ll liquidated and unliquidated claims and accounts payable against a city of the second class or village," Neb. Rev. Stat. § 17-714, which includes the city of Atkinson, *see* Neb. Rev. Stat. § 17-701.

7

within ninety days of the accrual of the claim in the office of the city clerk or village clerk." The Amended Complaint is devoid of any allegation that Widtfeldt has satisfied this condition precedent, and his suit against the Atkinson Defendants cannot be maintained.

The Amended Complaint also asks that certain defendants be removed and barred from public office pursuant to 18 U.S.C. § 2071. Regardless of the sufficiency or insufficiency of Widtfeldt's allegations, § 2071 is a criminal statute and does not create a private right of action. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).

The Court acknowledges that Widtfeldt may intend to assert violations of his civil rights under federal law. Yet there is no logical connection between the harm he allegedly suffered and the alleged conduct of the Atkinson Defendants. The Amended Complaint's allegations are conclusory, vague, and fail to present notice of a plausible claim as to any Defendant named in the Amended Complaint. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citing *Twombly*, 127 S. Ct. at 1965 n.3.) ("[A] complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required 'to divine the litigant's intent and create claims that are not clearly raised,' and it need not 'conjure up unpled allegations' to save a complaint.'" (internal citations omitted) (first quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004); then *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006))).

Because Widtfeldt failed to satisfy the statutory prerequisites to maintain suit against a political subdivision, and because his Amended Complaint does not state a

plausible claim against the Atkinson Defendants, the Motion to Dismiss, ECF No. 17, will be granted.

## CONCLUSION

For the reasons stated above, the motions to dismiss will be granted, the motion to recuse will be denied, and the motion to strike will be denied, as moot. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 12, filed by Defendant United States of America, is granted;

2. The Motion to Dismiss, ECF No. 15, filed by Defendants Mike Fredrick d/b/a State Farm Insurance, Shannon Corkle Olberding, and Shannon Corkle d/b/a Corkledings; is granted;

3. The Motion to Dismiss, ECF No. 17, filed by City of Atkinson, Ken Counts, Stuart Dockter, Ron Krysl, Gary A. Lech, Jerry Osborne, Leo Seger, Paul Corkle, Thomas Herzog, Alan Brodbeck, Wayne Braun, Tim Braun, Timothy Larby, Janet Krotter Chvala, Andrew Hoffman, Jeffrey Galyen, Steven A. Brewster, Leo Seger d/b/a Seger Funeral Home, and Paul Corkle, d/b/a Crop Insurance Sales, is granted;

4. The Objection to Judge Camp, ECF No. 19, filed by Plaintiff James Widtfeldt, is denied;

5. The Motion to Strike, ECF No. 20, filed by United States of America, is denied, as moot;

6. The above-captioned action is dismissed with prejudice as to the United States, and dismissed without prejudice as to all remaining Defendants; and

7. A separate judgment will be entered.

Dated this 24th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge